WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


CARRIE WESEMAN,                              )
                                            )
                              Plaintiff,    )
                                            )
        vs.                                 )
                                            )
ALYESKA PIPELINE SERVICE COMPANY, )
                                            )          No. 3:20-cv-0160-HRH
                              Defendant.    )
_____ )


<u>O R D E R</u>

<u>Partial Motion to Dismiss</u>

Defendant moves to dismiss plaintiff's Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA") claims.[1]  This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

<u>Background</u>

Plaintiff Carrie Weseman alleges that she was employed by defendant Alyeska Pipeline Service Company from 1994 through June 2018.[3]  Plaintiff alleges that in 2017, she

_____

[1]Docket No. 5.

[2]Docket No. 11.

[3]Amended Complaint at 1, ¶ 2.1 and 2, ¶ 2.5, Exhibit E, Notice of Removal of Civil
(continued...)

-1-

"notified OSHA of" violations she had observed at "her employment site, the Vapor Power Facility in Valdez, Alaska."[4] Plaintiff alleges that "[i]n retaliation for complaining of OSHA violations, [her] new supervisor Megan Woods began to treat her in a disparate manner to her co-workers, even submitting a poor performance evaluation for part of her work in 2017."[5] Plaintiff alleges that in December 2017, Woods also began to subject her use of medical leave benefits to "heightened scrutiny. . . ."[6] Plaintiff alleges that defendant "issued to her a Medical Leave Management Memo, which singled her out concerning medical leave usage."[7] Plaintiff alleges that "[d]uring 2018," defendant "required that she provide more than just a doctor's note, when she needed medical treatment during her work shift period . . . despite the fact that she had an excess of 1,600 hours of sick leave available to her."[8]

Plaintiff alleges that she had an emergency medical procedure on June 12, 2018, which was a day on which "she had been scheduled to be on shift for work."[9] Plaintiff alleges that she then "received an email from her supervisor Ms. Woods, informing her that

---

[3](...continued)
Action, Docket No. 1.

[4]Id. at 2, ¶ 2.8.

[5]Id. at 2, ¶ 2.9.

[6]Id. at 2, ¶ 2.10.

[7]Id. at 2, ¶ 2.11.

[8]Id. at 3, ¶¶ 2.13-2.14.

[9]Id. at 3, ¶ 2.17.

Case 3:20-cv-00160-HRH   Document 13   Filed 09/11/20   Page 2 of 12

because she had undertaken a medical procedure during her work shift . . . , she had acted in an insubordinate manner, and would be subject to a disciplinary hearing board -- which would likely result in her termination."[10]

Plaintiff alleges that she "was released from work on June 21, 2018, due to a death in the family, but due to the stress caused by the continual harassment imposed on her by Ms. Woods, she stated to her supervisor that she would resign if the harassment would not otherwise stop."[11]

Plaintiff alleges that on June 25, 2018, the Disciplinary Review Board "determined that it would terminate [her] employment.  It issued a finding that [she] was ineligible for rehire at the Vapor Power Facility, but that she could reapply to other Trans-Alaska Pipeline Service positions."[12]  Plaintiff alleges that "[w]hen she received her final pay check, her paycheck noted that [her] last day of work was on June 26, 2018."[13]

Plaintiff alleges that she "filed a complaint with the Equal Employment Opportunity Commission, eventually receiving her right to sue letter."[14]  The right to sue letter was issued

---

[10]Id. at 3, ¶ 2.18.

[11]Id. at 4, ¶ 2.19.

[12]Id. at 4, ¶ 2.20.

[13]Id. at 4, ¶ 2.21.

[14]Id. at 4, ¶ 2.23.

Case 3:20-cv-00160-HRH   Document 13   Filed 09/11/20   Page 3 of 12

on September 19, 2019 and advised plaintiff that she had 90 days, after receipt of the letter, in which to file a lawsuit.[15]

On December 16, 2019, plaintiff filed a complaint in state court.[16] In this complaint, plaintiff asserted a state law wrongful discharge claim, an ADEA claim, and an ADA claim. Plaintiff did not serve the complaint on defendant. On April 20, 2020, plaintiff was ordered to "show good cause in writing why service is not complete."[17] The order provided that "[i]f good cause is not shown within 30 days after the date of distribution of this notice, this action will be dismissed without prejudice as to all defendants not served."[18]

Plaintiff concedes that she "failed to timely serve [defendant] with its summons and complaint."[19] Plaintiff contends that this was "[d]ue to complications created by the Covid-19 pandemic[.]"[20] Plaintiff did not, however, file an affidavit in the state court case to this effect nor did plaintiff file any other document to attempt to show good cause for her failure to timely serve the original state court complaint.

---

[15]Dismissal and Notice of Rights, Exhibit A at 1, Partial Motion to Dismiss for Failure to State a Claim, Docket No. 5. The court may consider the right to sue letter without converting the instant motion into a motion for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

[16]Exhibit B, Notice of Removal of Civil Action, Docket No. 1.

[17]Exhibit D, Notice of Removal of Civil Action, Docket No. 1.

[18]Id.

[19]Plaintiff's Opposition [etc.] at 2, Docket No. 11.

[20]Id.

-4-

On May 18, 2020, plaintiff filed an amended complaint in the same state court action as the original complaint.[21]  Other than correcting a typo and making two minor edits, the amended complaint is identical to the original complaint.  The amended complaint names the same defendant and asserts the same causes of action as the original complaint.  In her amended complaint, plaintiff again asserts a state law wrongful discharge claim, an ADEA claim, and an ADA claim against defendant.

On May 26, 2020, plaintiff's state court "case [was] dismissed without prejudice . . . due to plaintiff's failure to serve" defendant.[22]

Plaintiff contends that she served defendant with the amended complaint "[s]hortly after" it was amended.[23]  Plaintiff offers no evidence that shows the date on which service was effected.  In its notice of removal, defendant contends that it first <u>received</u> plaintiff's amended complaint on June 10, 2020.[24]

Defendant removed the action to this court on July 1, 2020.

Defendant has filed an answer to the allegations in plaintiff's amended complaint as they pertain to the wrongful discharge claim[25] and concurrently moves, pursuant to Rule

---

[21]Exhibit E, Notice of Removal of Civil Action, Docket No. 1.

[22]Exhibit D at 1, Notice of Removal of Civil Action, Docket No. 1.

[23]Plaintiff's Opposition [etc.] at 2, Docket No. 11.

[24]Notice of Removal of Civil Action at 2, Docket No. 1.

[25]Docket No. 4.

12(b)(6), Federal Rules of Civil Procedure, to dismiss plaintiff's ADEA and ADA claims. Defendant's motion to dismiss is ready for disposition.

Discussion

"'To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id. "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 678). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal

-6-

claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016).

Defendant argues that plaintiff's ADEA and ADA claims must be dismissed because she did not file her complaint within 90 days of receiving her right to sue letter. "This ninety-day period is a statute of limitations." Charley v. Arizona Public Service Co., Case No. CV–12–2068–PHX–DGC, 2013 WL 781001, at *1 (D. Ariz. March 1, 2013). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).

Plaintiff's amended complaint was filed on May 18, 2020, which was 242 days after her right to sue letter was issued. Thus, defendant argues that it is apparent that plaintiff did not file her ADEA and ADA claims before the 90-day period expired.

Defendant argues that plaintiff cannot rely on the date on which she filed her original state court complaint, which was filed before the 90-day period expired, because "'[i]n instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90–day limitations period.'" O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Here, the Alaska Superior Court dismissed plaintiff's original

complaint and thus defendant insists that it has nothing to do with whether plaintiff timely filed her ADEA and ADA claims.

Plaintiff seems to argue that this dismissal does not matter because it was without prejudice. But all that means is that plaintiff could file her claims in a new action if the statute of limitations had not yet run on her claims. At the time plaintiff filed her amended complaint, the 90-day period had run as to ADEA and ADA claims, unless her amended complaint related back to her original complaint.

Defendant argues that the relation back doctrine cannot save plaintiff's ADEA and ADA claims. Plaintiff disagrees. The parties agree that Rule 15(c) governs as to whether plaintiff's amended complaint relates back to her original complaint, but they disagree as to which Rule 15(c) applies here, the state rule or the federal rule. Because the amended complaint was filed prior to the case being removed, Alaska Rule 15(c) applies here. Anderson v. Allstate Ins. Co., 630 F.2d 677, 682 (9th Cir. 1980).

Alaska Civil Procedure Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

-8-

Defendant argues that the second sentence of Alaska Rule 15(c) applies here because it was effectively a new party when plaintiff filed her amended complaint as it had not been served with the original complaint. But, this provision of Alaska Rule 15(c), which pertains to amending to change a party, has no application here because plaintiff named the same defendant in both her original and amended complaint. Rather, it is the first sentence of Alaska Rule 15(c) that applies here.

The first sentence in Alaska Rule 15(c) reads: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Plaintiff argues that this sentence is unambiguous and that it "pronounces clearly that as long as the amendment does not alter the original pleading, then the amended pleading relates back to when the case was initiated."[26] Plaintiff contends that because her amended complaint "did not alter" the facts or causes of action contained in her original complaint, her amended complaint relates back to her original complaint.

In order for an amended complaint to relate back to the original complaint pursuant to the first sentence of Alaska Rule 15(c), "the new allegations must be sufficiently related to the conduct, transaction or occurrence originally set forth so as to avoid prejudice to the opposing party and to ensure that the opposing party has notice of the nature of the claim from the beginning." Norman v. Nichiro Gyogyo Kaisha, Ltd., 645 P.2d 191, 199 (Alaska

---

[26]Plaintiff's Opposition [etc.] at 3, Docket No. 11.

-9-

1982) (emphasis added).  Defendant could not have had notice of the nature of plaintiff's ADEA and ADA claim "from the beginning" because plaintiff never served the original complaint on defendant.  Id.  Plaintiff points out that defendant was aware of plaintiff's EEOC complaint, but the fact that defendant was aware of plaintiff's EEOC complaint does not mean that it had notice of plaintiff's subsequent lawsuit.  See Gonzales v. Secretary of Air Force, 824 F.2d 392, 396 (5th Cir. 1987) ("the mere fact that administrative proceedings occurred cannot be construed as any kind of notice, whether 'formal' or 'informal,' of a subsequent federal lawsuit").  Because defendant was never served with the original complaint and had no idea that plaintiff had filed it, defendant had no notice as to plaintiff's ADEA and ADA claims prior to the expiration of the 90-day period.  Because defendant did not have notice of plaintiff's claims prior to the running of the statute of limitations, plaintiff's amended complaint does not relate back to the original complaint, which means that her ADEA and ADA claims were not timely filed.

The result would be the same if Federal Rule 15(c) applied.  Federal Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading[.]"  "In deciding whether an amendment to state a new claim [or the same claim] against the original defendant is proper, the policies underlying the statute of limitations are implicated."  Percy v. San Francisco General Hosp., 841 F.2d 975, 979 (9th Cir. 1988).  "Thus, amendment of

-10-

a complaint is proper if the original pleading put the defendant on notice of the particular transaction or set of facts that the plaintiff believes to have caused the complained of injury." Id. (citation omitted). "Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff." Id. "[A]n amendment to the complaint that is filed or served after the running of the statute of limitations will be allowed to relate back to the date of the original complaint only when the defendant would not be unfairly surprised." McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1147 (9th Cir. 2007). Here, because defendant had no notice that plaintiff had filed a lawsuit prior to the expiration of the 90-day period, it would be unfair to allow plaintiff's amended complaint to relate back to her original complaint, which means that plaintiff's ADEA and ADA claims are untimely.

## Conclusion

Defendant's motion to dismiss plaintiff's ADEA and ADA claims[27] is granted. These claims are dismissed with prejudice because any amendment would be futile.

With the dismissal of plaintiff's ADEA and ADA claims, all that is left in this case is plaintiff's state law claim. "'A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). "[W]hen all federal law claims are eliminated before trial, [the] court is 'duty-bound to take

---

[27]Docket No. 5.

seriously' the responsibility to decline or retain jurisdiction over any remaining state law claims.'" Int'l Longshore and Warehouse Union v. Port of Portland, 844 F.3d 864, 865-66 n.1 (9th Cir. 2016) (quoting Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997)). Because this case is in the earliest stages of development, the court declines to exercise jurisdiction over plaintiff's remaining state law claim and sua sponte dismisses this claim without prejudice.

The clerk of court shall enter judgment dimissing plaintiff's ADEA and ADA claims with prejudice and dismissing plaintiff's state law wrongful discharge claim without prejudice.

DATED at Anchorage, Alaska, this 11th day of September, 2020.

/s/ H. Russel Holland
United States District Judge

-12-